1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   TERESITA BERNARDO, VIRGILIO           CASE NO. 09 CV 01828 MMA (CAB)
     BERNARDO, individuals,

12                                          **ORDER GRANTING LITTON**
                                 Plaintiff,  **LOAN SERVICING, L.P.'S**
13       vs.                                **MOTION TO DISMISS FIRST**
                                            **AMENDED COMPLAINT**
14

15   NEW CENTURY MORTGAGE
     CORPORATION, LITTON LOAN              [Doc. No. 16]
16   SERVICING LP, et al.,

                                Defendants.
17

18         Before the Court is Defendant Litton Loan Servicing, L.P.'s ("Litton") motion to dismiss

19   Plaintiffs Teresita Bernardo and Virgilio Bernardo's first amended complaint ("FAC").  [Doc. No.

20   16.] Litton filed its motion on January 11, 2010, Plaintiffs filed an opposition on February 8, and

21   Litton filed a reply brief on February 10.  [Doc. Nos. 19, 21.]  The Court found Litton's motion

22   suitable for decision on the papers and without oral argument pursuant to Civil Local Rule

23   7.1(d)(1) [Doc. No. 20].  For the reasons discussed below, the Court **GRANTS** Litton's motion to

24   dismiss.

25

26

27

28   / / /

                                           - 1 -                              09cv1828

1

**BACKGROUND**

2          This action arises from foreclosure-related events with respect to Plaintiffs' home.[1]  On or

3    about January 9, 2007, Plaintiffs purchased a house located at 10328 Limetree Lane, Spring

4    Valley, California 91977 (the "Property").  [FAC, Doc. No. 7, ¶6.]  Plaintiffs obtained financing to

5    purchase the Property from Defendant New Century Mortgage Corporation ("New Century").  [*Id.*

6    at ¶6.]  New Century provided Plaintiffs a first loan in the amount of $419,747 ("First Loan"), and

7    a second loan in the amount of $104,400 ("Second Loan"), each secured by a trust deed.  [*Id.* at

8    ¶¶7-8.]  Defendant Litton is the current serving company for the First Loan, and Defendant Saxon

9    Mortgage Services, Inc. ("Saxon") services the Second Loan.  [*Id.*]  Defendants, however, should

10   never have approved Plaintiffs' loan application.  [*Id.* at ¶¶9-10.]

11          In their initial loan application, Plaintiffs accurately stated their yearly income, which

12   would have been approximately $96,000 based on Plaintiffs' 2006 tax returns that reported their

13   monthly income as $7,993.  [*Id.* at ¶9.]  Defendants did not request proof of Plaintiffs' income, and

14   instead, intentionally increased Plaintiffs' stated monthly income on the loan application to

15   $16,000 per month.  [*Id.* at ¶¶9, 11.]  Because Defendants exaggerated Plaintiffs' income,

16   Plaintiffs obtained loans for the purchase of the Property that they would not have otherwise been

17   qualified.  [*Id.* at ¶¶9-10.]

18          In addition, Plaintiffs did not receive two completed Notices of Right to Cancel within

19   three days after consummation of the loan, as required by the federal Truth in Lending Act

20   ("TILA").  [*Id.* at ¶12.]  The Notices Plaintiffs received were incomplete, as they "failed to include

21   a transaction date or the expiration of the rescission period."  [*Id.*]  Defendants also violated TILA

22   by providing Plaintiffs an incomplete and unsigned Truth-In-Lending Statement.  [*Id.* at ¶13.]

23   Similarly, the Good Faith Estimate Defendants provided Plaintiffs was incomplete and unsigned,

24   in violation of the Real Estate Settlement Procedures Act ("RESPA").  [*Id.* at ¶14.]  The loan

25   documents also failed to include other initial and final disclosures required by TILA and RESPA.

26   [*Id.* at ¶15.]

27   _____

28          [1] Because this matter is before the Court on a motion to dismiss, the Court must accept as true
     the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S.
     738, 740 (1976).  All facts cited are taken from Plaintiffs' FAC unless otherwise noted.

1    As a result of Defendants' wrongful conduct, Plaintiffs experienced difficulty paying the

2    mortgages on the Property.  [*Id*. at ¶16.]  Beginning in April 2009, Plaintiffs repeatedly asked

3    Litton to provide them with copies of their loan documents.  [*Id*. at ¶17.]  Litton ignored Plaintiffs'

4    requests.  [*Id*.]  On May 4, 2009, Plaintiffs received a Notice of Default on the First Loan.  [*Id*. at

5    ¶18.]  Defendants did not work with Plaintiffs to modify the loan in the month prior to or after

6    Plaintiffs received the Notice of Default.  [*Id*. at ¶19.]  Plaintiffs filed this action against several

7    named defendants on August 21, 2009 [Doc. No. 1], and later filed the FAC on November 30,

8    2009, alleging eleven causes of action, including: (1) Intentional Misrepresentation; (2)

9    Constructive Fraud; (3) Breach of Covenant of Good Faith and Fair Dealing; (4) Action to Quiet

10   Title; (5) Accounting; (6) Violations of TILA; (7) Violations of RESPA; (8) Violation of

11   California Civil Code § 1632(b); (9) Violation of California Business and Professions Code §

12   17200 *et seq*.; (10) Violation of California Civil Code § 2923.6; and (11) Violation of California

13   Civil Code § 2923.5. [Doc. No. 7.]

14                                      **LEGAL STANDARD**

15        A complaint survives a motion to dismiss if it contains "enough facts to state a claim to

16   relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The

17   court reviews the contents of the complaint, accepting all factual allegations as true, and drawing

18   all reasonable inferences in favor of the nonmoving party.  *Knievel v. ESPN*, 393 F.3d 1068, 1072

19   (9th Cir. 2005).  Notwithstanding this deference, the reviewing court need not accept "legal

20   conclusions" as true.  *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009).  Moreover, it is

21   improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged."

22   *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459

23   U.S. 519, 526 (1983).  Accordingly, a reviewing court may begin "by identifying pleadings that,

24   because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft*,

25   *supra*, 129 S. Ct. at 1950.

26        "When there are well-pleaded factual allegations, a court should assume their veracity and

27   then determine whether they plausibly give rise to an entitlement to relief."  *Id.*  A claim has

28   "facial plausibility when the plaintiff pleads factual content that allows the court to draw the

- 3 -                                                          09cv1828

1    reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The

2    plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

3    possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are

4    'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and

5    plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

6                                      **DISCUSSION**

7    **I.      Federal Claims**

8            In their sixth and seventh causes of action, Plaintiffs allege Defendants violated federal

9    statutes, TILA (15 U.S.C. § 1601-1667f) and RESPA (12 U.S.C. § 2601 *et seq.*), respectively. The

10   Court considers the propriety of these two claims first, as its jurisdiction is premised on the alleged

11   TILA and RESPA violations; Plaintiffs' remaining nine causes of action are based on state law.

12           Plaintiffs assert Defendants violated TILA by intentionally misstating Plaintiffs' income to

13   make them a loan they could not afford, and failing to provide Plaintiffs complete and executed

14   copies of the Notice of Right to Cancel and the Truth-In-Lending Statement within three days of

15   consummating the loan. [Doc. No. 7, ¶¶56-57.] Similarly, Plaintiffs assert Defendants' course of

16   conduct violated RESPA, when Defendants failed to provide Plaintiffs a Good Faith Estimate

17   within three days of completing the loan process. [*Id*. at ¶¶63-64.][2]

18           In its motion to dismiss, Litton makes numerous arguments asserting several deficiencies in

19   Plaintiffs' sixth and seventh causes of action. For example, with respect to Plaintiffs' TILA claim,

20   Litton argues it cannot be held liable for the alleged TILA violations in its capacity as the

21   servicing company for the First Loan. [Doc. No. 16, p.8 citing 15 U.S.C. § 1641(f); *Pelayo v.*

22   *Home Capital Funding*, 2009 WL 1459419 *4 (S.D. Cal.).] Litton also asserts Plaintiffs' TILA

23   cause of action is barred by the one-year statute of limitation under 15 U.S.C. § 1640, because

24   Plaintiffs admit they entered the loan in January 2007, but failed to file their complaint until

25   August 2009. [Doc. No. 16, p.9.] Litton similarly argues Plaintiffs' RESPA claim is barred by the

26

27

28          [2] Nowhere in the FAC do Plaintiffs specify which Defendants are responsible for any particular
     conduct; all allegations are against Defendants, collectively.

                                          - 4 -                                    09cv1828

1  one-year statute of limitation under 12 U.S.C. § 2614, and that Plaintiffs did, in fact, receive and

2  execute a Good Faith Estimate.[3]

3       Plaintiffs concede Litton is not a proper defendant as to their TILA and RESPA causes of

4  action.  Specifically, Plaintiffs "stipulate that the [sixth] and [seventh] claims of relief for violation

5  of RESPA and TILA are only asserted against Defendant NEW [Century] for failure to provide (or

6  accurately provide) all of the documents and disclosures under TILA/RESPA."  [Doc. No. 19,

7  p.11.]  Accordingly, the Court need not reach the merits of Litton's arguments regarding Plaintiffs'

8  deficient TILA and RESPA allegations, and hereby **DISMISSES** Plaintiffs' sixth and seventh

9  causes of action against Litton, with prejudice.

10  **II.  State Law Claims**

11       Because the Court grants Litton's motion to dismiss as to both of Plaintiffs' federal claims

12  upon which the Court's jurisdiction is based, the Court declines to retain jurisdiction over

13  Plaintiffs' remaining state law claims.  When the Court's jurisdiction is initially premised on a

14  federal question, it may decline to exercise supplemental jurisdiction over state law claims if no

15  independent basis for subject matter jurisdiction exists after the dismissal of the federal claims.  28

16  U.S.C. § 1367(c)(3); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) (citing *Carnegie-Mellon Univ. v.*

17  *Cohill*, 484 U.S. 343, 350–51 (1988)).  The decision whether to retain or dismiss state claims after

18  dismissal of all federal claims is fully discretionary.  *Schneider v. TRW, Inc.*, 938 F.2d 986,

19  993–94 (9th Cir. 1991).  In the usual case where federal claims are dismissed before trial, the

20  balance of factors will point toward declining to exercise jurisdiction over the remaining state law

21  claims.  *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1995); *Gini v. Las Vegas Metro. Police*

22  *Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994).  Accordingly, the Court declines to exercise its

23  discretion to retain the remaining state law claims, and **DISMISSES** those claims without

24  prejudice.

25

26       [3] In connection with Litton's motion to dismiss, it submitted a Request for Judicial Notice
[Doc. No. 16-2], requesting the Court consider the Notice of Right to Cancel, Truth-In-Lending
27  Disclosure Statement, and Good Faith Estimate, that Plaintiffs executed on January 14, 2007.  The
Court finds these documents suitable for judicial notice under the incorporation by reference doctrine,
28  and hereby **GRANTS** Litton's request. *See Knieval v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005);
*Hovsepian v. Apple, Inc.*, 2009 WL 2591445 *2 (N.D. Cal.).

1

**CONCLUSION**

2        For the reasons stated herein, the Court **GRANTS** Litton's motion to dismiss.  Plaintiffs'

3    sixth and seventh causes of action for TILA and RESPA violations are dismissed *with* prejudice,

4    and Plaintiffs' remaining nine causes of action are dismissed *without* prejudice.

5        **IT IS SO ORDERED.**

6    DATED:  May 13, 2010

7

8                                    Hon. Michael M. Anello
                                     United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28